IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01376-GPG

**SHARRIECKIA PAGE**,

    Plaintiff,

v.

**ADAMS COUNTY DETENTION FACILITY**;
**DR. WILLIAMS**, Psychologist;
**DEPENDENCY AND NEGLECT HUMAN SOCIAL SERVICES**; and
**DEFENSE ATTORNEY JENNIFER JONES**,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Sharrieckia Page, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Denver Women's Correctional Facility. Ms. Page initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 for money damages and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 5). Ms. Page was granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (ECF No. 7). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, fails to state claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

The Court must construe Ms. Page's Complaint liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his [or her] confusion of various legal theories, his [or her] poor syntax and sentence construction, or his [or her] unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court does not act as an advocate for a *pro se* litigant.  *See id.*  The Court may take judicial notice of its own records and files that are part of the Court's public records.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

On July 2, 2015, Magistrate Judge Gordon P. Gallagher ordered Ms. Page to show cause why the Complaint and the action should not be dismissed as repetitive of Civil No. 13-cv-02553-LTB.  Magistrate Judge Gallagher warned Plaintiff that repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious.  *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam).   "[G]enerally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions."  *Park v. TD Ameritrade Trust Co., Inc.*, 461 F. App'x 753, 755 (10th Cir. Feb. 14, 2012) (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir.1993) (internal quotation marks and citation omitted).  A duplicative suit may be dismissed for reasons of "wise judicial administration."  *Serlin*, 3 F.3d at 223 (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (district court

may dismiss a suit that is duplicative of another federal court suit); *accord Williams v. Madden*, 9 F. App'x 996, 997 & n.1 (10th Cir. June 13, 2001) (stating that the court has the authority to dismiss "repetitious litigation reasserting virtually identical causes of action"). The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972).

In Civil No. 13-cv-02553-LTB, Ms. Page filed a Prisoner Complaint against Psychologist Dr. Williams, Adams County Detention Facility, Adams County Department of Human Social Services, and Public Defender Jennifer Jones for money damages pursuant to 42 U.S.C. § 1983. That action was dismissed as legally frivolous. In the instant action, she makes similar allegations against the same Defendants seeking the same relief.

Ms. Page filed a Letter on July 17, 2015 asking that her action not be dismissed because she did not understand civil rights actions at the time (ECF No. 9). Such letter does not suffice to show that this litigation is not repetitive of her earlier filings in this Court. Therefore, the Complaint and the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous or malicious because the instant action is repetitive of Civil No. 13-cv-02553-LTB.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Ms. Page files a notice of appeal she also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

**ORDERED** that the Complaint (ECF No. 1) and the instant action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and malicious because the instant action is repetitive of repetitive of *Page v. Williams, Et Al.,* Civil Action No. 13-cv-02553-LTB (D. Colo. Mar. 6, 2014).  It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.  It is

DATED at Denver, Colorado, this   23rd   day of July, 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court